FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 27 2021

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | |
|---|---|
| TREVOR CASEY | PLAINTIFF |
| V. | CASE NO. 2:21-cv-143-KGB |
| TRUCKS FOR YOU, INC. and<br>RICKIE EUGENE SIMMONS | DEFENDANTS |

### NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1441 and 1446, defendant Trucks For You, Inc. ("TFY") files this notice of removal from the Circuit Court of St. Francis County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Delta Division.  Removal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332, and is founded on the following:

1. This case, styled *Trevor Casey v. Trucks For You, Inc. and Rickie Eugene Simmons*, was originally filed on September 16, 2021 in the Circuit Court of St. Francis County, Arkansas, as civil case number 62CV-21-166-2.  This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases in federal court.

2. TFY received service of process on October 13, 2021.

3. This notice is filed within thirty days (or the first filing day thereafter) of service on Trucks of plaintiff's complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b)(1).

This case assigned to District Judge Baker
and to Magistrate Judge Harris

2416436-v1

4. Under 28 U.S.C. § 1446(a), TFY attaches as Exhibit "A" to this notice the complaint in this matter and summonses, which constitute all "process, pleadings, and orders" served to date.

5. This case is removed under 28 U.S.C. § 1332(a) because this action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Upon information and belief, and based on the allegations of his complaint, plaintiff is an individual citizen and resident of the state of Texas. *See* Ex. A, Complaint, ¶ 1.

7. TFY is an Oklahoma Corporation with its principal place of business in Muskogee, Oklahoma. A corporation is deemed to be a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). As such, TFY is a citizen of the state of Oklahoma.

8. Upon information and belief, and based on the allegations of the plaintiff's complaint, defendant Rickie Eugene Simmons is an individual citizen and resident of the state of Alabama. *See* Ex. A, Complaint, ¶ 3.

9. Complete diversity exists in this matter because plaintiff is a citizen of the state of Texas and defendants are both citizens of states other than Texas.

10. As to the amount in controversy, the plaintiff's complaint expressly seeks to recover damages against defendants "in excess of the amount required for federal court jurisdiction in diversity of citizenship cases." *See* Ex. A, Complaint, ¶ 40.

11. Accordingly, this Court has original diversity jurisdiction of this action under 28 U.S.C. § 1332(a) and the action is removable pursuant to 28 U.S.C. § 1441(a).

12. The United States Court for the Eastern District of Arkansas, Delta Division, embraces the county in which the state court action is now pending.

13. This notice of removal is signed under Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

14. Written notice of the filing of this notice will promptly be given to plaintiff, and, together with a copy of this notice of removal, will be filed with the Circuit Court of St. Francis County, Arkansas, as provided by 28 U.S.C. § 1446(d).

15. Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

16. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of TFY's right to assert any defense or affirmative matter, whether under Federal Rule of Civil Procedure 8(c), Federal Rule of Civil Procedure 12(b), or otherwise.

17. TFY expressly reserves any and all defenses which may be available to it in this action.

18. Plaintiff has not filed a proof of service as to defendant Simmons, and pursuant to Fed. R. Civ. P. 11(b)(3), after a reasonable opportunity for further investigation or discovery, it will likely be shown that Simmons has not been served with a summons and copy of the complaint at the time this notice of removal is filed.

2416436-v1

Because defendant Simmons has not been served with process, his consent is not required to remove this action to federal court. 28 U.S.C. § 1446(b)(2)(A); *see also Reaves v. Transport Corp. of America, Inc.*, 2016 WL 4148297, at *1 (E.D. Ark. Aug. 4, 2016) (citing *Wright v. Missouri Pac. R. Co.*, 98 F.2d 34, 35–36 (8th Cir. 1938)) ("[A] non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons.").

WHEREFORE, defendant Trucks For You, Inc. removes this action from the Circuit Court of St. Francis County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Delta Division, and seeks resolution by this Court of all issues raised herein.

    WRIGHT, LINDSEY & JENNINGS LLP
    200 West Capitol Avenue, Suite 2300
    Little Rock, Arkansas 72201
    501.371.0808
    FAX: (501) 376-9442
    E-MAIL: mthompson@wlj.com
               ztrail@wlj.com

By: _____
    Michael A. Thompson (2010146)
    Zachary R. Trail (2018171)

*Attorneys for Trucks For You, Inc.*

## CERTIFICATE OF SERVICE

On October 27, 2021, a copy of the foregoing was served by electronic mail on the following:

Richard J. Kroll
Cory J. Floyd
NORTON WOOD FLOYD
315 Main Street
Texarkana, Arkansas 75504
richard@nortonwoodfloyd.com
cory@nortonwoodfloyd.com

*Attorneys for Plaintiff*

_____
Zachary R. Trail

IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS

TREVOR CASEY                                                                 PLAINTIFF

vs.                      CASE NO. 62CV-21-166-2

TRUCKS FOR YOU, INC. and
RICKIE EUGENE SIMMONS                                      DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Trucks For You, Inc.
**Attn: Jay Calavan, Registered Agent**
3303 N. 32nd Street
Muskogee, Oklahoma 74401

A lawsuit has been filed against you. The relief demanded is stated in the attached *Plaintiff's Original Complaint*. Within 30 days after service of this Summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the Clerk of this Court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on Plaintiff by and through his attorney, whose name and address is:

Richard J. Kroll
Norton • Wood • Floyd
315 Main Street
Texarkana, Texas 75501

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

                                                                       CLERK OF COURT

[Clerk Stamp & Seal]

                                                                 *Bette S. Green*
                                                                 **Clerk or Deputy Clerk**

                                                                 Date: 10-4-21

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS

TREVOR CASEY                                                          PLAINTIFF

vs.                      No.: 62CV-21-166-2                    COPY

TRUCKS FOR YOU, INC. and
RICKIE EUGENE SIMMONS                                                DEFENDANTS

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Trevor Casey (hereinafter "Casey" or "Plaintiff"), and for this, his Original Complaint against Defendant, Trucks for You, Inc. and Defendant, Rickie Eugene Simmons (hereinafter collectively referred to as "Defendants") would show this Court as follows:

1. Plaintiff Trevor Casey is a citizen and resident of Gregg County, Texas.

2. Upon information and belief, Defendant Trucks for You, Inc. is a Domestic For-Profit Business Corporation registered in Oklahoma. Defendant Trucks for You, Inc.'s registered agent is Jay Calavan and may be served with process at 3303 N. 32nd Street, Muskogee, Oklahoma, 74401.

3. Defendant Rickie Eugene Simmons (hereinafter "Simmons"), on information and belief, is a citizen and resident of Mobile County, Alabama. Upon information and belief, Defendant may be served with process at 10651 Hillcrest Drive East, Grand Bay, Alabama, 36541-5633.

### VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to Ark. Code Ann. § 16-60-101(a)(1) because St. Francis, County, Arkansas is "[t]he county in which a substantial part of the event or omission giving rise to the cause of action occurred[.]"



FILED
SEP 1 6 2021
TIME: 4:55 a.m.
BETTE S. GREEN, CLERK
ST FRANCIS

5. This Court may properly exercise personal jurisdiction over Defendants pursuant to Ark. Code Ann. § 16-4-101 because they maintain continuous and systematic contacts with Arkansas and, as described below, Defendants committed tortious acts against Plaintiff in this State.

## FACTS

6. On or about September 19, 2018, at approximately 1:40 p.m., Plaintiff was traveling Eastbound on Interstate 40 ("I-40") when he suffered bodily injuries and property damage resulting from Defendants' negligence which caused a sudden and violent collision of the parties' vehicles.

7. Defendant Simmons was driving a 2016 Freightliner owned by Defendant Trucks for You, Inc. when Simmons negligently attempted to change lanes, crossing the center line and colliding with Plaintiff's vehicle. Plaintiff's vehicle was violently jolted off the interstate into the median forcing him to collide with the cable barrier before his vehicle finally came to rest in the interstate.

8. Simmons proximately caused the injuries and damages described above through negligent acts, including, but not limited to, the following:

    a. Failure to maintain control of the vehicle;

    b. Driving in a reckless manner;

    c. Failing to keep a proper lookout;

    d. Failing to yield the right of way;

    e. Driving too fast for conditions;

f. Failing to use ordinary care under the circumstances, all of which are against the laws of the State of Arkansas.

## COUNT I.
## NEGLIGENCE

9. Paragraphs 1 through 8 are incorporated by reference as if hereby stated word for word.

10. Simmons owed a duty of ordinary care to Plaintiff, Trevor Casey.

11. Simmons breached his duty of ordinary care when he negligently collided with Casey's vehicle.

12. As a result of Simmons negligence, Plaintiff Casey suffered damages and should be awarded a monetary judgment in an amount to be determined at trial.

## COUNT II.
## NEGLIGENT ENTRUSTMENT

13. Paragraphs 1 through 12 are incorporated by reference as if hereby stated word for word.

14. The vehicle driven by Simmons was owned by Trucks for You, Inc.

15. Trucks for You, Inc. knew or had reason to know that Simmons was incompetent, inexperienced, or reckless, and Trucks for You, Inc. knew or had reason to know of Simmons's conditions and/or proclivities.

16. With this knowledge, Trucks for You, Inc. entrusted its vehicle to Simmons. The entrustment of this vehicle, with knowledge of Simmons's conditions and/or proclivity for incompetence, inexperience, and/or recklessness created an appreciable risk of harm which could lead to injury of a fellow motorist. Trucks for

You, Inc. owed a duty of ordinary care, and in allowing Simmons to use its vehicle, it breached that duty.

17. As a result of Trucks for You, Inc.'s negligent entrustment, Plaintiff suffered damages and should be awarded a monetary judgment in an amount to be determined at trial.

## COUNT III.
## RESPONDEAT SUPERIOR/AGENCY

18. Paragraphs 1 through 17 are incorporated by reference as if hereby stated word for word.

19. Separate Defendant, Trucks for You, Inc., is liable for the tortious actions of Separate Defendant, Rickie Eugene Simmons, as Simmons was an employee and/or agent of Trucks for You, Inc.

20. At the time of the collision described above, Simmons was acting within the scope of his employment and/or agency with Trucks for You, Inc.

21. Because the commercial truck was entrusted to Simmons by Trucks for You, Inc., and because Simmons was operating the truck in the course and scope of his employment/agency with Trucks for You, Inc., Defendant Trucks for You, Inc. is vicariously liable for all damages caused by Simmons as a result of Simmons's collision.

## COUNT IV.
## NEGLIGENCE AGAINST TRUCKS FOR YOU, INC.

22. Paragraphs 1 through 21 are incorporated by reference as if hereby stated word for word.

23. Defendant Trucks for You, Inc. had a non-delegable duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation of commercial motor vehicles.

24. Defendant Trucks for You, Inc. breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

    a. Failing to verify and ensure that Simmons operated the truck in a reasonably manner and abided by all laws governing the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1;

    b. Failing to properly train and instruct Simmons on defensive driving, safe driving, proper following distance, and proper look out in violation of 49 C.F.R. § 383.111;

    c. Failing to properly supervise Simmons and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid this crash;

    d. Knowingly failing to promote and enforce systems and procedures to ensure compliance, safety, and accountability for the safe operation of commercial motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including Plaintiff Casey.

25. Defendant Trucks for You, Inc.'s negligent conduct also violated laws intended to protect and prevent crashes with road users like Plaintiff Casey.

26. Defendant Trucks for You, Inc.'s negligence directly and proximately caused Plaintiff Casey's damages.

## COUNT V.
### NEGLIGENT HIRING AND RETENTION AGAINST TRUCKS FOR YOU, INC.

27. Paragraphs 1 through 26 are incorporated by reference as if hereby stated word for word.

28. Defendant Trucks for You, Inc. had a non-delegable duty to only hire and retain safe, qualified, and competent professional truck drivers to operate its commercial motor vehicles.

29. Defendant Trucks for You, Inc. breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to preform or improperly performing background, driving record, physical fitness to drive and/or charter investigations that would have revealed Simmons was unfit to operate a commercial motor vehicle in violation of 49 C.F.R. § 391.21 and § 391.23;

   b. Hiring and retaining Simmons despite his subpar safety and driving record, which was or should have been known to Defendant Trucks for You, Inc. in violation of 49 C.F.R. § 391.11 and § 391.13;

c. Failing to perform or improperly performing the review, audit, or corrective actions to verify Simmons's knowledge of and compliance with the laws and industry standards concerning the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1(a); and

d. Failing to perform or improperly performing the annual performance reviews, and checking medical evaluations, driving and personal records that would have revealed Simmons was unqualified and unfit to operate a commercial motor vehicle in violation of 49 C.F.R. § 391.25 and § 391.27.

30. Defendant Trucks for You, Inc.'s negligent conduct also violated laws intended to protect and prevent crashes with vulnerable road users like Plaintiff Casey.

31. Defendant Trucks for You, Inc.'s negligence directly and proximately caused Plaintiff Casey's damages.

### COUNT VI.
### DANGEROUS INSTRUMENTALITY LIABILITY AGAINST DEFENDANT TRUCKS FOR YOU, INC.

32. Paragraphs 1 through 31 are incorporated by reference as if hereby stated word for word.

33. At the time of the collision, Defendant Simmons was operating the truck, a dangerous instrumentality, with Defendant Trucks for You, Inc.'s permission.

34. Therefore, Defendant Trucks for You, Inc. is liable for Defendant Simmons's negligence and the resulting damages.

## DAMAGES

35. Paragraphs 1 through 34 are incorporated by reference as if hereby stated word for word.

36. As a direct and proximate result of Defendants' negligence, Plaintiff Trevor Casey suffered painful injuries to his body and damages which include the following:

    a. Physical pain and mental anguish in the past and future;

    b. Disfigurement in the past and future;

    c. Physical impairment in the past and future;

    d. Medical expenses in the past and future;

    e. Loss of household services in the past and future;

    f. Loss of income in the past and future;

    g. Past and future out of pocket expenses; and

    h. Property damage.

## CONDITIONS PRECEDENT

37. Paragraphs 1 through 36 are incorporated by reference as if hereby stated word for word.

38. All conditions precedent to suit have been performed or have occurred.

## JURY DEMAND

39.     Plaintiff, in accordance Ark. R. Civ. P. 38, hereby demands a trial by jury as to all issues contained herein which are triable of right by a jury.

## PRAYER

40.     Plaintiff seeks the above damages in an amount the jury determines to be fair and reasonable and demand damages in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

41.     Plaintiff also seeks punitive damages in an amount the jury determines sufficient to punish Defendants and deter other from similar conduct in the future

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trevor Casey prays that Defendants be cited to appear herein and that after a trial Plaintiff be awarded all relief requested herein, prejudgment interest, post-judgment interests, costs and all other relief to which Plaintiff would show himself justly entitled, whether at equity or law.

Respectfully Submitted,

NORTON WOOD FLOYD
315 Main Street
Texarkana, Texas
Tel:   (903) 823-1321
Fax:   (903) 823-1325

By: *[signature: Richard Kroll]*

Richard J. Kroll
Ark. Bar No.: 2018168
richard@nortonwoodfloyd.com

Cory J. Floyd
Ark. Bar No.: 2006324
cory@nortonwoodfloyd.com

*ATTORNEYS FOR PLAINTIFF*

*TREVOR CASEY*