IN THE CIRCUIT COURT OF ST. FRANCIS COUNTY, ARKANSAS

TREVOR CASEY                                                                   PLAINTIFF

vs.                            No.: 62CV-21-166-2                              COPY

TRUCKS FOR YOU, INC. and
RICKIE EUGENE SIMMONS                                                          DEFENDANTS

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Trevor Casey (hereinafter "Casey" or "Plaintiff"), and for this, his Original Complaint against Defendant, Trucks for You, Inc. and Defendant, Rickie Eugene Simmons (hereinafter collectively referred to as "Defendants") would show this Court as follows:

1. Plaintiff Trevor Casey is a citizen and resident of Gregg County, Texas.

2. Upon information and belief, Defendant Trucks for You, Inc. is a Domestic For-Profit Business Corporation registered in Oklahoma. Defendant Trucks for You, Inc.'s registered agent is Jay Calavan and may be served with process at 3303 N. 32nd Street, Muskogee, Oklahoma, 74401.

3. Defendant Rickie Eugene Simmons (hereinafter "Simmons"), on information and belief, is a citizen and resident of Mobile County, Alabama. Upon information and belief, Defendant may be served with process at 10651 Hillcrest Drive East, Grand Bay, Alabama, 36541-5633.

### VENUE AND JURISDICTION

4. Venue is proper in this Court pursuant to Ark. Code Ann. § 16-60-101(a)(1) because St. Francis, County, Arkansas is "[t]he county in which a substantial part of the event or omission giving rise to the cause of action occurred[.]"



FILED

SEP 16 2021

TIME: 4:55 aм
BETTE S. GREEN, CLERK
ST FRANCIS

5. This Court may properly exercise personal jurisdiction over Defendants pursuant to Ark. Code Ann. § 16-4-101 because they maintain continuous and systematic contacts with Arkansas and, as described below, Defendants committed tortious acts against Plaintiff in this State.

## FACTS

6. On or about September 19, 2018, at approximately 1:40 p.m., Plaintiff was traveling Eastbound on Interstate 40 ("I-40") when he suffered bodily injuries and property damage resulting from Defendants' negligence which caused a sudden and violent collision of the parties' vehicles.

7. Defendant Simmons was driving a 2016 Freightliner owned by Defendant Trucks for You, Inc. when Simmons negligently attempted to change lanes, crossing the center line and colliding with Plaintiff's vehicle. Plaintiff's vehicle was violently jolted off the interstate into the median forcing him to collide with the cable barrier before his vehicle finally came to rest in the interstate.

8. Simmons proximately caused the injuries and damages described above through negligent acts, including, but not limited to, the following:

    a. Failure to maintain control of the vehicle;

    b. Driving in a reckless manner;

    c. Failing to keep a proper lookout;

    d. Failing to yield the right of way;

    e. Driving too fast for conditions;

f. Failing to use ordinary care under the circumstances, all of which are against the laws of the State of Arkansas.

## COUNT I.
## NEGLIGENCE

9. Paragraphs 1 through 8 are incorporated by reference as if hereby stated word for word.

10. Simmons owed a duty of ordinary care to Plaintiff, Trevor Casey.

11. Simmons breached his duty of ordinary care when he negligently collided with Casey's vehicle.

12. As a result of Simmons negligence, Plaintiff Casey suffered damages and should be awarded a monetary judgment in an amount to be determined at trial.

## COUNT II.
## NEGLIGENT ENTRUSTMENT

13. Paragraphs 1 through 12 are incorporated by reference as if hereby stated word for word.

14. The vehicle driven by Simmons was owned by Trucks for You, Inc.

15. Trucks for You, Inc. knew or had reason to know that Simmons was incompetent, inexperienced, or reckless, and Trucks for You, Inc. knew or had reason to know of Simmons's conditions and/or proclivities.

16. With this knowledge, Trucks for You, Inc. entrusted its vehicle to Simmons. The entrustment of this vehicle, with knowledge of Simmons's conditions and/or proclivity for incompetence, inexperience, and/or recklessness created an appreciable risk of harm which could lead to injury of a fellow motorist. Trucks for

You, Inc. owed a duty of ordinary care, and in allowing Simmons to use its vehicle, it breached that duty.

17.   As a result of Trucks for You, Inc.'s negligent entrustment, Plaintiff suffered damages and should be awarded a monetary judgment in an amount to be determined at trial.

## COUNT III.
### RESPONDEAT SUPERIOR/AGENCY

18.   Paragraphs 1 through 17 are incorporated by reference as if hereby stated word for word.

19.   Separate Defendant, Trucks for You, Inc., is liable for the tortious actions of Separate Defendant, Rickie Eugene Simmons, as Simmons was an employee and/or agent of Trucks for You, Inc.

20.   At the time of the collision described above, Simmons was acting within the scope of his employment and/or agency with Trucks for You, Inc.

21.   Because the commercial truck was entrusted to Simmons by Trucks for You, Inc., and because Simmons was operating the truck in the course and scope of his employment/agency with Trucks for You, Inc., Defendant Trucks for You, Inc. is vicariously liable for all damages caused by Simmons as a result of Simmons's collision.

## COUNT IV.
### NEGLIGENCE AGAINST TRUCKS FOR YOU, INC.

22.   Paragraphs 1 through 21 are incorporated by reference as if hereby stated word for word.

23. Defendant Trucks for You, Inc. had a non-delegable duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation of commercial motor vehicles.

24. Defendant Trucks for You, Inc. breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to verify and ensure that Simmons operated the truck in a reasonably manner and abided by all laws governing the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1;

   b. Failing to properly train and instruct Simmons on defensive driving, safe driving, proper following distance, and proper look out in violation of 49 C.F.R. § 383.111;

   c. Failing to properly supervise Simmons and identify dangerous and negligent driving behaviors that could have been corrected in time to avoid this crash;

   d. Knowingly failing to promote and enforce systems and procedures to ensure compliance, safety, and accountability for the safe operation of commercial motor vehicles and, thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the traveling public, including Plaintiff Casey.

25. Defendant Trucks for You, Inc.'s negligent conduct also violated laws intended to protect and prevent crashes with road users like Plaintiff Casey.

26. Defendant Trucks for You, Inc.'s negligence directly and proximately caused Plaintiff Casey's damages.

## COUNT V.
### NEGLIGENT HIRING AND RETENTION AGAINST TRUCKS FOR YOU, INC.

27. Paragraphs 1 through 26 are incorporated by reference as if hereby stated word for word.

28. Defendant Trucks for You, Inc. had a non-delegable duty to only hire and retain safe, qualified, and competent professional truck drivers to operate its commercial motor vehicles.

29. Defendant Trucks for You, Inc. breached the above-mentioned duties and was therefore negligent in one or more of, but not limited to, the following ways:

   a. Failing to preform or improperly performing background, driving record, physical fitness to drive and/or charter investigations that would have revealed Simmons was unfit to operate a commercial motor vehicle in violation of 49 C.F.R. § 391.21 and § 391.23;

   b. Hiring and retaining Simmons despite his subpar safety and driving record, which was or should have been known to Defendant Trucks for You, Inc. in violation of 49 C.F.R. § 391.11 and § 391.13;

    c.    Failing to perform or improperly performing the review, audit, or corrective actions to verify Simmons's knowledge of and compliance with the laws and industry standards concerning the safe operation of commercial motor vehicles in violation of 49 C.F.R. § 392.1(a); and

    d.    Failing to perform or improperly performing the annual performance reviews, and checking medical evaluations, driving and personal records that would have revealed Simmons was unqualified and unfit to operate a commercial motor vehicle in violation of 49 C.F.R. § 391.25 and § 391.27.

30. Defendant Trucks for You, Inc.'s negligent conduct also violated laws intended to protect and prevent crashes with vulnerable road users like Plaintiff Casey.

31. Defendant Trucks for You, Inc.'s negligence directly and proximately caused Plaintiff Casey's damages.

### COUNT VI.
### DANGEROUS INSTRUMENTALITY LIABILITY AGAINST DEFENDANT TRUCKS FOR YOU, INC.

32. Paragraphs 1 through 31 are incorporated by reference as if hereby stated word for word.

33. At the time of the collision, Defendant Simmons was operating the truck, a dangerous instrumentality, with Defendant Trucks for You, Inc.'s permission.

34. Therefore, Defendant Trucks for You, Inc. is liable for Defendant Simmons's negligence and the resulting damages.

## DAMAGES

35. Paragraphs 1 through 34 are incorporated by reference as if hereby stated word for word.

36. As a direct and proximate result of Defendants' negligence, Plaintiff Trevor Casey suffered painful injuries to his body and damages which include the following:

    a. Physical pain and mental anguish in the past and future;

    b. Disfigurement in the past and future;

    c. Physical impairment in the past and future;

    d. Medical expenses in the past and future;

    e. Loss of household services in the past and future;

    f. Loss of income in the past and future;

    g. Past and future out of pocket expenses; and

    h. Property damage.

## CONDITIONS PRECEDENT

37. Paragraphs 1 through 36 are incorporated by reference as if hereby stated word for word.

38. All conditions precedent to suit have been performed or have occurred.

## JURY DEMAND

39. Plaintiff, in accordance Ark. R. Civ. P. 38, hereby demands a trial by jury as to all issues contained herein which are triable of right by a jury.

## PRAYER

40. Plaintiff seeks the above damages in an amount the jury determines to be fair and reasonable and demand damages in excess of the amount required for federal court jurisdiction in diversity of citizenship cases.

41. Plaintiff also seeks punitive damages in an amount the jury determines sufficient to punish Defendants and deter other from similar conduct in the future

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trevor Casey prays that Defendants be cited to appear herein and that after a trial Plaintiff be awarded all relief requested herein, prejudgment interest, post-judgment interests, costs and all other relief to which Plaintiff would show himself justly entitled, whether at equity or law.

Respectfully Submitted,

NORTON WOOD FLOYD
315 Main Street
Texarkana, Texas
Tel:   (903) 823-1321
Fax:   (903) 823-1325

By: *Richard Kroll*

Richard J. Kroll
Ark. Bar No.: 2018168
richard@nortonwoodfloyd.com

Cory J. Floyd
Ark. Bar No.: 2006324
cory@nortonwoodfloyd.com

*ATTORNEYS FOR PLAINTIFF*

*TREVOR CASEY*